**MORRISON-TENENBAUM, PLLC**
87 Walker Street, Floor 2
New York, New York 10013
Lawrence F. Morrison, Esq.
(212) 620-0938
Attorneys for Lenders Capital, LLC

| | |
|---|---|
| **In re:**<br><br>**BARRY'S AUTO BODY REPAIR INC.,**<br><br>**Involuntary Debtor.** | Chapter 11<br><br>Case No. 15-10505 (SHL) |

**REPLY TO THE TRUSTEE'S OBJECTION TO MOTION FOR AN ORDER
CONVERTING THIS CHAPTER 7 CASE TO ONE UNDER CHAPTER 11**

**TO: THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE**

Lender's Capital, LLC, the Petitioning creditor (the "Creditor") to Barry's Auto Body Repair Inc. (the "Debtor"), by its attorneys, Morrison Tenenbaum, PLLC, files this reply to the opposition of the Debtor to the motion to convert this Chapter 7 case to one under Chapter 11, and states as follows:

**REPLY**

1. On March 5, 2015, Creditor filed an involuntary Chapter 11 bankruptcy petition against the Debtor.

2. Creditor files this Reply to three items raised in the Trustee's Objection to the Motion for An Order Converting This Chapter 7 Case to One Under Chapter 11:

   a. That the motion should be denied because Creditor is seeking to convert the case for the improper purpose of avoiding the payment of transfer tax;
   b. That there is uncertainty surrounding Creditor's commitment to fund a plan of reorganization; and
   c. Creditor's loan to Debtor was usurious.

1

3. Creditor filed a motion (the "Motion") to convert the Chapter 7 proceeding of the Debtor dated December 29, 2015.

4. The Trustee filed its opposition to the Motion dated January 11, 2016.

5. Creditor will propose a plan of reorganization by which Creditor will fund the plan of reorganization.

6. The Creditor's reorganization plan will be proposed in good faith and achieve the ultimate objections of the Bankruptcy Code, paying creditors and enabling the debtor to reorganize and emerge successfully from bankruptcy. The buyer of the property at proposed saving the transfer taxes is an added benefit of Chapter 11 reoganization.

7. The Trustee's allegations that the Motion should be denied because the liens on Debtor's property are usurious under New York's Penal Code is unfounded.

8. The interest rate provided for in a promissory note is not usurious where it was, under the terms of the note, payable "upon default," to be computed from the date when the obligation first arose. Penal Law N.Y. 1965, § 190.40.

9. The defense of usury does not apply where the terms of the mortgage and note impose a rate of interest in excess of the statutory minimum only after default or maturity. Urban Communicators PCS Ltd. P'ship v. Gabriel Capital, L.P., 394 B.R. 325 (S.D.N.Y. 2008)

10. Though the Note reserves a rate of interest of 24% default rate together with the 5% late charge, this rate of interest is not usurious.

11. It is also respectfully submitted that in the pre-bankruptcy State Court proceeding on July 9, 2014, the Debtor and the Creditor stipulated and agreed that the Debtor waived all affirmative defenses and counterclaims. A copy of the stipulation is annexed hereto as Exhibit "A."

**WHEREFORE** Creditor respectfully requests that an Order be entered converting this Chapter 7 case to one under Chapter 11, and granting such and other and further relief as this Court deems just and proper.

Dated: New York, New York
      February 8, 2016              MORRISON-TENENBAUM, PLLC

                                                                                                           _____
                                                                                                            By: Lawrence F. Morrison, Esq.
                                                                                                            *Counsel for Creditor*
                                                                                                            87 Walker Street, Floor 2
                                                                                                            New York, New York 10013